```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

HAREEM RICHARDS,

                                                           **NOT FOR PUBLICATION**

              Plaintiff,                 **ORDER**

    -against-

                                                    11-cv-6338 (KAM)(MDG)

THE CITY OF NEW YORK, P.O. DAVID GREEN,
and P.O. JACQUES BAKER, Tax #932290,
in their individual and official
capacities

              Defendants.

```
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

        On December 28, 2011, plaintiff Hareem Richards ("plaintiff"), who was then a minor, by his mother and natural guardian, Marva Richards, filed this action against the City of New York, Police Officer David Green, and Police Officer Jacques Backer, (collectively, "defendants") seeking monetary damages for civil rights violations pursuant to 42 U.S.C. § 1983 allegedly committed by defendants on September 29, 2010. (*See* Compl., ECF No. 1.) Presently before the court is plaintiff's motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (Mot. to Set Aside J., filed Aug. 17, 2015, dated Aug. 10, 2015, ECF No. 46.)[1] The

---

[1] Although plaintiff's Rule 60(b) motion was filed without a pre-motion

relevant procedural history is reflected in the docket, defendants' opposition affidavit to plaintiff's Rule 60(b) motion (ECF No. 49), and is summarized below.

At the time of the filing of the complaint, and throughout the majority of discovery, plaintiff was represented by attorney Michael Hueston, Esq. (*See generally* Civil Docket Report.) On July 1, 2013, plaintiff moved, *inter alia*, to amend the Second Amended Complaint such that plaintiff would be the sole plaintiff of record, since he had reached the age of majority. (ECF No. 18.) Magistrate Judge Go granted plaintiff's application on July 8, 2013. (Order dated July 8, 2013.) On October 30, 2013, during a status conference before Judge Go, plaintiff discharged Mr. Hueston as counsel. (Minute Entry dated Oct. 30, 2013.)

On December 6, 2013, plaintiff's current counsel, Franklyn Rouse, Esq., appeared before the Judge Go as prospective counsel, and Judge Go ordered Mr. Rouse to promptly file a notice of appearance. (Minute Entry dated Dec. 6, 2013.) On January 14, 2014, Mr. Rouse appeared on behalf of plaintiff and advised the court that he attempted to file a notice of appearance by email and had not yet registered for ECF. (*See* Minute Entry dated Jan 14, 2014; Decl. of Erica M. Haber ("Haber

---

conference in violation of the court's motion practices, the court nonetheless considers and denies the motion for the reasons discussed herein.

Decl."), dated Aug. 31, 2015, ECF No. 49.) As a courtesy, the court filed a copy of Mr. Rouse's notice of appearance on his behalf on January 14, 2014. (ECF No. 27.)

On February 14, 2014, Mr. Rouse requested a 10-day extension of time to submit plaintiff's pre-motion conference letter to request leave to file a motion to amend the complaint. (ECF No. 28.) Mr. Rouse filed the letter by mail and not by ECF. (*Id.*) In an order dated February 14, 2014, this court granted Mr. Rouse's request for an extension and stated that "[i]n the future, counsel must file all letters electronically." (Order dated Feb. 14, 2014.) In the court's scheduling order dated April 9, 2014, the court again ordered plaintiff's counsel to "**immediately arrange to receive electronic notifications related to this case**." (Scheduling Order dated Apr. 9, 2014)(emphasis in original.) At the pre-motion conference, the court again reminded Mr. Rouse to "sign up for electronic notifications of filings in this case immediately." (Minute Entry dated May 5, 2014.) Defendants requested an extension of time to file their motion for summary judgment on June 18, 2014 and noted that they were unable to reach plaintiff's counsel for consent to the request. (Mot. for Extension of Time to File Mot. for Summ. J., ECF No. 34.) The court granted defendants' request and ordered plaintiff's counsel "for the third time, to

immediately arrange to receive electronic notifications related to this case." (Order dated June 18, 2014.)

In a letter dated July 29, 2014, defendants' counsel notified the court that plaintiff failed to oppose defendants' motion for partial summary judgment, which was served on plaintiff's counsel by first class mail on July 3, 2014. (ECF No. 41.) The letter also indicated that despite two written requests by defendants' counsel to meet and confer regarding the Joint Deposition Transcript Appendix, Mr. Rouse failed to contact defendants' counsel. (*Id.*) By order dated August 1, 2014, the court notified plaintiff that if his opposition was not served on defendants by August 8, 2014, the motion for summary judgment may be deemed unopposed or the case, in its entirety, may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 ("Rule 41") and consistent failure to follow court orders. (Order dated Aug. 1, 2014.) On August 15, 2014, because plaintiff's counsel again failed to respond to the court's order dated August 1, 2014, the court dismissed this action pursuant to Rule 41, and judgment was entered on the same day. (Order Dismissing Case dated Aug. 15, 2014; Clerk's J., dated Aug. 15, 2014, filed Aug. 18, 2014, ECF No. 45.)

Plaintiff now moves, 360 days after the entry of judgment[2], for relief from the judgment pursuant to Rule 60(b). (ECF No. 46.)  Plaintiff does not identify which subsection of Rule 60(b) he relies upon in making this motion, but states that his grounds are "excusable neglect and a meritorious case." Rule 60(b)(1) permits a court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6) permits a court to relieve a party from final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), 60(b)(6).  The court notes that no provision of Rule 60(b) entitles relief for a "meritorious case," and considers plaintiff's motion pursuant to Rule 60(b)(1) and 60(b)(6).  Mr. Rouse asserts that due to health problems in "the later half of the year 2014" and the loss of two employees who are knowledgeable about electronic filing, his failure to oppose defendants' motion to partial summary judgment constitutes excusable neglect.  (*Id*. at 3.)

Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)(quoting *Paddington Partners v.*

---

[2] The court notes that plaintiff's Rule 60(b) motion was dated August 10, 2015, but filed August 17, 2015, because Mr. Rouse has still failed to register for ECF, despite multiple orders to do so.

*Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). Here, Mr. Rouse waited 360 days after entry of judgment in this case to file his Rule 60(b) motion, and although the court is sympathetic to Mr. Rouse's health problems in the latter half of 2014, they cannot excuse his failure to file this motion until August 2015, or his previous failures to respond to court orders or to request additional time. Additionally, the court has ordered Mr. Rouse on more than four occasions to register for ECF and file documents electronically pursuant to Chambers Practices and he still has yet to comply with the court's orders. *Cf. In re Worldcom, Inc.*, 709 F.3d 327, 340 (2d Cir. 2013)("It is remarkable that [counsel] could fail to take these most basic steps to receive proper notifications.") Defendants have already expended significant resources to contact plaintiff's counsel, engage in discovery and move for partial

summary judgment in this case, which plaintiff failed to oppose. Moreover, the incident from which this suit arises occurred nearly five years ago, and the passage of time "disrupt[s] the fact-finder's ability to determine the truth." *Renaissance Search Partners v. Renaissance Ltd.*, 12 Civ. 5638, 2014 WL 4953578, at *3 (S.D.N.Y. Oct. 1, 2014)(denying Rule 60(b) motion where party failed to register for electric alerts and to regularly check the docket sheet).  Consequently, plaintiff's motion for relief from the judgment pursuant to Rule 60(b) is denied.  Defendants are directed to serve a copy of this order on plaintiff and file proof of service by November 17, 2015.

**SO ORDERED.**

Dated:   November 16, 2015
         Brooklyn, New York

                                              ___/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge